ORAL ARGUMENT HELD JULY 7, 2025

Nos. 25-5097, 25-5098 (consol.)

# In the United States Court of Appeals for the District of Columbia Circuit

GLOBAL HEALTH COUNCIL, *et al.*,

*Plaintiffs-Appellees*,

*v.*

DONALD J. TRUMP, *et al.*,

*Defendants-Appellants*.

AIDS VACCINE ADVOCACY COALITION, *et al.*,

*Plaintiffs-Appellees*,

*v.*

DEPARTMENT OF STATE, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court for the District of Columbia

**REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY AND RESPONSE IN OPPOSITION TO CROSS-MOTION**

Lauren E. Bateman
Nicolas A. Sansone
Allison M. Zieve
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for AIDS Vaccine Advocacy Coalition, et al.*

Daniel F. Jacobson
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148

William C. Perdue
Sally L. Pei
Stephen K. Wirth
Samuel F. Callahan
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001

*Counsel for Global Health Council, et al.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................3

    I.    The Court Should Stay the Panel's Opinion and Judgment .......................3

    II.   The Court Should Deny the Government's Cross-Motion ........................7

CONCLUSION........................................................................................................11

CERTIFICATE OF COMPLIANCE ......................................................................13

CERTIFICATE OF SERVICE ................................................................................14

## TABLE OF AUTHORITIES

**Cases**                                                                                                                    Pages

*Cox v. Dep't of Just.*,
   111 F.4th 198 (2d Cir. 2024)..................................................................3

*Dalton v. Specter*,
   511 U.S. 462 (1994)................................................................................5

*Marin Audubon Soc'y v. FAA*,
   129 F.4th 869 (D.C. Cir. 2025))..............................................................3

**Rules**

D.C. Cir. R. 40(d) ......................................................................................4

# INTRODUCTION

The en banc Court should grant Plaintiffs' motion for a stay of the panel opinion and judgment and deny Defendants' cross-motion for a stay of the preliminary injunction pending appeal.

Although the Court has made clear that the preliminary injunction remains in effect, a stay remains necessary to lift the panel opinion's precedential effect while en banc proceedings remain pending. In particular, the Court should immediately stay the panel's decision that Plaintiffs cannot bring an Administrative Procedure Act (APA) claim challenging violations of the 2024 Appropriations Act, which requires that specific amounts of money be obligated for specific purposes. *See* Majority Op. 25. Defendants have effectively conceded that this holding was erroneous. *See* En Banc Opp. 15-16 (stating that Defendants do "not dispute" that Plaintiffs may bring an APA claim to "enjoin a refusal to spend appropriated funds where the relevant statutes require[] that the funds be spent"). The precedential effect of the panel's erroneous ruling would prevent Plaintiffs from seeking relief on their APA claims in the district court while this appeal remains pending. A stay is also necessary

to prevent this holding and the panel's other erroneous holdings from significantly disrupting myriad other pending cases in the Circuit while the en banc Court considers Plaintiffs' petition.

Defendants have now cross-moved to stay the preliminary injunction and, in the alternative, expedite issuance of the mandate. That motion should be denied. In the five months since the district court entered the injunction, Defendants neither moved for a stay pending appeal nor took any steps to comply with the injunction. Defendants' failure even to prepare to comply places billions of dollars in funds at risk of expiring before they can be obligated—potentially making Defendants' unlawful impoundment irreversible. That result would inflict enormous harm on Plaintiffs and people around the world who depend on these funds. By contrast, the burden on Defendants to comply with the injunction now is minimal. Defendants need not actually expend funds before the en banc Court acts on the rehearing petition; they must only make preparations to be in a position to do so by September 30.

# ARGUMENT

## I. The Court Should Stay the Panel's Opinion and Judgment

The en banc Court denied Plaintiffs' request for an administrative stay, stating: "Because this court's mandate has not yet issued, the preliminary injunction that requires the government to obligate the appropriated funds remains in effect." 8/20/2025 Order (Doc. 2130995). Nonetheless, the Court should stay the opinion and judgment to prevent the panel majority's decision from having precedential effect in Plaintiffs' cases and the many other cases challenging agencies' unlawful refusals to spend appropriations while the en banc process is ongoing.

On August 15, in seeking a stay pending appeal from the district court, Defendants argued that the panel's opinion is "binding precedent," and "[t]he fact that a mandate has not yet issued … does not undermine the immediate precedential weight of [the panel's] decision." No. 25-cv-402, ECF No. 117 at 3 (quoting *Cox v. Dep't of Just.*, 111 F.4th 198, 209 (2d Cir. 2024), and citing *Marin Audubon Soc'y v. FAA*, 129 F.4th 869, 870 n.1 (D.C. Cir. 2025)). Defendants added that even "if issuance of the mandate were to be stayed," the panel's decision would be entitled to "*stare decisis* … unless it is withdrawn by the court." *Id.* (quoting *Cox*, 111 F.4th at 209).

3

To the extent the panel's decision is now binding precedent, that will significantly prejudice Plaintiffs, even if the mandate does not issue until the conclusion of en banc consideration. The precedential effect of the panel opinion could preclude Plaintiffs from seeking any further relief on their claims while en banc proceedings are pending.[1]

A stay is also necessary to prevent the panel opinion from upending the many pending cases that challenge unlawful impoundments and other unconstitutional executive actions while this appeal remains pending in this Court or the Supreme Court. There are over a dozen other cases pending in this Circuit that challenge unlawful impoundments and may be impacted by the panel's decision.[2] And the panel's first holding on the availability of a constitutional cause of action for separation of powers claims may sweep even beyond

---

[1] The Rules of this Court provide: "If rehearing en banc is granted, the panel's judgment, but ordinarily not its opinion, will be vacated[.]" D.C. Cir. R. 40(d). Here, the same reasons supporting Plaintiffs' request for a stay—in particular to prevent the precedential effect of the panel opinion on issues raised in numerous pending cases—would also justify the exercise of the Court's discretion under its Rules to vacate the panel opinion (alongside the panel's judgment) upon granting rehearing en banc.

[2] *See, e.g.*, Compl. at 21–23, *Am. Ctr. For Int'l Labor Solidarity v. Chavez-Deremer*, No. 1:25-cv-01128 (D.D.C.); Compl. at 41–43, *Appalachian Voices v. EPA*, No. 1:25-cv-01982 (D.D.C.); Amended Compl. at 53–54, *Climate United Fund v. Citibank*, No. 1:25-cv-00698 (D.D.C); Compl. at 44–50, *Harris Cnty. v. Kennedy*, No. 1:25-cv-01275 (D.D.C.); Compl. at 17–18, *Nat'l Council of Nonprofits v. OMB*, No. 1:25-cv-00239 (D.D.C.); Compl. at 30–32, *Nat'l Fair*

4

impoundments, potentially foreclosing *all* constitutional claims challenging "Executive action that exceeds statutory authority or violates a statute." Dissenting Op. 47. Indeed, a different panel of this Court has already cited that holding to conclude that *Dalton v. Specter*, 511 U.S. 462 (1994), bars a constitutional challenge to the President's dismantling of the Consumer Financial Protection Bureau. *See Nat'l Treasury Emps. Union v. Vought*, No. 25-5091, slip op. at 44–47 (D.C. Cir. Aug. 15, 2025).

Allowing the panel decision to stand during pendency of en banc proceedings could have disruptive and irreversible effects, including potentially permitting billions of dollars of appropriations to expire unspent on September 30. It would also waste judicial resources and introduce significant uncertainty in the lower courts, which may be bound to apply the panel decision

---

*Housing Alliance v. HUD*, No. 1:25-cv-01965 (D.D.C.); Amended Compl. at 32–33, 39, *Nat'l Nurses United v. Kennedy*, No. 1:25-cv-01538 (D.D.C.); Amended Compl. at 97–98, *Nat'l Urban League v. Trump*, No. 1:25-cv-00471 (D.D.C.); Compl. at 63–64, *Planned Parenthood of Greater N.Y. v. HHS*, No. 1:25-cv-01334 (D.D.C.); Amended Compl. at 23–26, 28–32, *RFE/RL v. Lake*, No. 1:25-cv-00799 (D.D.C.); Amended Compl. at 33–35, *S. Ed. Found., Inc. v. U.S. Dep't of Ed.*, No. 1:25-cv-01079 (D.D.C.); Compl. at 23–26, *Vera Inst. of Justice v. DOJ*, No. 1:25-cv-01643 (D.D.C.); *see also Citizens for Resp. & Ethics in Washington v. OMB*, No. 25-5266, at 1 & n.1 (D.C. Cir. Aug. 9, 2025) (Henderson, J., statement respecting the denial of a stay pending appeal) (noting the "slew of cases" that "challenge the President's ability to unilaterally freeze or 'impound' spending" and citing cases).

5

notwithstanding that it may be superseded by the en banc Court in short order. The far better and more efficient path is to stay the panel majority's opinion and judgment.

Further, Defendants' effective confession of error regarding Part III.A.2 of the panel's opinion underscores that the opinion should not retain its precedential effect. The panel majority, addressing Plaintiffs' APA claim that sought to "enforc[e] the 2024 Appropriations Act," Majority Op. 25, held that "the grantees have no cause of action to undergird their APA contrary-to-law claim," *id.* at 29. Defendants do not defend the panel majority's holding. Instead, they disclaim it: They assert that "Plaintiffs are simply incorrect" that the panel precluded "APA challenges to the withholding of funds in violation of an appropriations act." En Banc Opp. 15. They suggest that the panel's opinion "does not cast doubt on" Supreme Court precedent that "a court could enjoin a refusal to spend appropriated funds where the relevant statutes requires that the funds be spent." *Id.* at 15-16. They even acknowledge that "the government did not dispute" that Plaintiffs had an APA cause of action to bring such a claim. *Id.* at 15.[3]

---

[3] Below, both sets of Plaintiffs asserted standalone APA claims that Defendants' actions violated the 2024 Appropriations Act, and at both the preliminary injunction hearing below and at oral argument before the panel, Plaintiffs

6

Defendants instead assert that the panel "focused on" whether the ICA precluded Plaintiffs from bringing claims for ICA violations, "[b]ecause Plaintiffs' claims in this case fundamentally seek to enforce the ICA." *Id.* That mischaracterizes both the nature of Plaintiffs' claims and the panel's opinion. Given that Defendants now disclaim the panel's actual holding, a stay to prevent the opinion from having precedential effect is clearly warranted.

## II.  The Court Should Deny the Government's Cross-Motion

The Court should deny the government's cross-motion to stay the district court's preliminary injunction or to expedite issuance of the mandate. The government is unlikely to succeed on the merits for the reasons explained above and in Plaintiffs' motion to stay. And the equities overwhelmingly weigh against a stay of the injunction or expedited issuance of the mandate, which could make Defendants' unlawful impoundment of funds irreversible.

**a.** The district court entered its injunction on March 10. For five months, the government took no steps to comply (or even prepare to comply) with the injunction. Instead, the government told this Court that "August 15 is really

---

made clear that their statutory impoundment claims are based on violations of the 2024 Appropriations Act, *not* the Impoundment Control Act. *See* Oral Arg. at 50:10; No. 25-cv-402, ECF No. 58 at 52.

7

the day when they need to start the process … to get the funds out the door by September 30." Oral Arg. at 1:08:52. And in its unopposed motion to expedite the appeal, the government asked the panel for a decision by that same day, even though it knew, or should have known, that en banc proceedings were possible and that it typically takes weeks or longer for this Court to issue its mandate.

The "procedural history of this case," Resp. 10, therefore does not support a stay of the district court's preliminary injunction. The government neither sought a stay pending appeal following the injunction, nor took any steps over the following five months to comply with the injunction. Instead, they chose to request a ruling from this Court by August 15, the day by which they said the steps toward obligating funds needed to start. Having made that choice, the government should not now be able to short-circuit the appellate process. They certainly should not be able to leverage their months-long refusal to comply with the injunction to now claim they would suffer harm from taking steps toward compliance while the en banc process runs its course.

Defendants would not be irreparably harmed absent a stay. While awaiting action by the en banc Court, Defendants need not immediately "obligate[]

8

or disburse[]" any funds. Resp. 9. All they must do now is undertake preparations to ensure that *if* the en banc Court grants the petition or affords other relief from the panel's opinion, then they will be able to obligate the relevant funds before they expire on September 30. Defendants' motion does not explain why such preparatory steps would be irreversible or cause the government cognizable irreparable harm. Nor does the government identify any concrete way in which the preliminary injunction "interferes with the agencies' ability to take lawful actions regarding the proper disposition of appropriated funds." Resp. 9.

On Friday evening, two days after filing their cross-motion, Defendants submitted a declaration to this Court from a senior USAID official claiming purported harm if Defendants were to begin discussions with foreign nations about bilateral agreements that Defendants ultimately may choose not to enter into. As explained above, this situation is entirely of Defendants' own making—*they* asked this Court for a decision by August 15, knowing full well that a decision, for either party, would not end the proceedings. And Defendants offer no persuasive reason why engaging in such discussions would cause harm. Nevertheless, because Defendants have indicated that they will seek a stay from the Supreme Court on August 26, Plaintiffs agree that it would be

9

beneficial for the en banc Court promptly to issue decisions on the pending motions and petition for rehearing en banc.

**b.** Plaintiffs and the public would suffer massive irreparable harm if the Court were to stay the district court's injunction pending rehearing en banc. If the injunction is stayed and later reinstated, Defendants may argue that they are unable to comply because they did not have the 45 days that they said they needed to obligate the funds by September 30. Potentially billions of dollars in foreign aid would be left unspent, even if the en banc Court ultimately affirms the injunction.

The irretrievable loss of the funds at issue would be devastating for Plaintiffs and their members, many of whom are entirely reliant on USAID funding. *See* Pls.' Mot. for Stay 21-23. It is of no moment that the preliminary injunction did not require the agencies to contract with Plaintiffs specifically. *See* Resp. 11. As the panel majority recognized, Plaintiffs' harm arises from the "denial of the opportunity" to obtain the funds, and Plaintiffs' declarations made "clear" the degree to which they are "financially dependent on appropriated foreign assistance funds." Op. 14.

Defendants do not dispute the dire humanitarian consequences that would result if these critical foreign aid funds are allowed to lapse. And that

Defendants have made some payments to plaintiffs "for past work already completed," *see* Resp. 12, does not change the fact that Defendants are *currently* set to permanently impound many billions of dollars that are urgently needed to prevent mass death and disease for millions around the world. At a minimum, it is in the public's interest to ensure that these funds can be spent in the amounts that Congress directed, for the lifesaving purposes that Congress directed, if the en banc Court grants rehearing or provides other relief.

## CONCLUSION

The en banc Court should stay the Panel's order and judgment pending resolution of the en banc petition and deny the government's cross-motion to stay the district court's preliminary injunction or to expedite issuance of the mandate.

| | |
|---|---|
| Dated: August 23, 2025 | Respectfully Submitted, |
| /s/ *Lauren E. Bateman* | /s/ *Daniel F. Jacobson* |
| Lauren E. Bateman | Daniel F. Jacobson |
| Nicolas A. Sansone | JACOBSON LAWYERS GROUP PLLC |
| Allison M. Zieve | 1629 K Street NW, Suite 300 |
| PUBLIC CITIZEN LITIGATION GROUP | Washington, DC 20006 |
| 1600 20th Street NW | (301) 823-1148 |
| Washington, DC 20009 | |
| (202) 588-1000 | William C. Perdue |
| | Sally L. Pei |
| *Counsel for AIDS Vaccine Advocacy Coalition, et al.* | Stephen K. Wirth |
| | Samuel F. Callahan |
| | ARNOLD & PORTER |
| |   KAYE SCHOLER LLP |
| | 601 Massachusetts Avenue NW |
| | Washington, DC 20001 |
| | (202) 942-5000 |
| | *Counsel for Global Health Council, et al.* |

12

# CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), that the attached brief contains 2,336 words and complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Century font.

Dated: August 23, 2025                     */s/ Daniel F. Jacobson*
                                            Daniel F. Jacobson

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2025, I caused the foregoing document to be electronically filed using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 23, 2025                           */s/ Daniel F. Jacobson*
                                                 Daniel F. Jacobson