# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5097**  **September Term, 2024**

1:25-cv-00400-AHA
1:25-cv-00402-AHA

**Filed On:** August 28, 2025

Global Health Council, et al.,

    Appellees

  v.

Donald J. Trump, in his official capacity as President of the United States of America, et al.,

    Appellants

------------------------------

Consolidated with 25-5098

    **BEFORE:**    Henderson, Katsas, and Pan, Circuit Judges

## O R D E R

    It is **ORDERED**, on the court's own motion, that the majority opinion issued August 13, 2025, be amended as follows:

    1)    Slip Op., p. 5, lines 13-18: Delete: "Nor do the grantees have a cause of action under the APA because APA review is precluded by the Impoundment Control Act (ICA).  And the grantees may not reframe this fundamentally statutory dispute as an ultra vires claim either.  Instead, the Comptroller General may bring suit as authorized by the ICA." and

Insert in lieu thereof: "Nor do the grantees have a cause of action to enforce the Impoundment Control Act (ICA) through the APA, because the ICA precludes such review.  And the grantees may not reframe this fundamentally statutory dispute as an ultra vires claim either."

    2)    Slip Op., p. 11, line 32, through p. 12, line 1: Delete: "The court additionally rejected the government's arguments that the grantees cannot bring a freestanding constitutional claim and that the ICA precludes the grantees from bringing an impoundment suit under the APA. *Id*. at 148 n.17." and

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————

**No. 25-5097**                                                    **September Term, 2024**

Insert in lieu thereof: "The court additionally rejected the government's arguments that the grantees cannot bring a freestanding constitutional claim and that the ICA precludes the grantees from suing under the APA to enforce the ICA.  *Id*. at 148 n.17."

      3)      Slip Op., p. 20, n.11: Delete: "The dissent characterizes our position as claiming that "if the Executive asserts both constitutional and statutory authority to validate his conduct, the court may characterize the whole dispute as statutory." and

Insert in lieu thereof: "The dissent characterizes our position as claiming that "if the President asserts both constitutional and statutory authority to validate his conduct, the court may characterize the whole dispute as statutory."

      4)      Slip Op., p. 25, lines 2-12: Delete: "In passing, the district court rejected the government's argument that the ICA precludes the grantees from bringing suit under the APA to enforce its provisions.  *AVAC II*, 770 F. Supp. 3d at 148 n.17.  At oral argument, the grantees did not concede that they cannot enforce the alleged statutory violations if their constitutional claim falls under *Dalton*, asserting instead that they would then be enforcing the 2024 Appropriations Act.  Thus, we proceed to this alternative cause of action." and

Insert in lieu thereof: "In passing, the district court rejected the government's argument that the ICA precludes the grantees from bringing suit under the APA to enforce its provisions.  *AVAC II*, 770 F. Supp. 3d at 148 n.17.  We thus turn to the question whether the grantees may bring an APA claim alleging that the defendants have acted contrary to law by violating the ICA."

      5)      Slip Op., p. 27, lines 17-21: Delete: "As in *Block*, it does not make sense that the Congress would craft a complex scheme of interbranch dialogue but *sub silentio* also provide a backdoor for citizen suits at any time and without notice to the Congress of the alleged violation." and

Insert in lieu thereof: "As in *Block*, it does not make sense that the Congress would craft a complex scheme of interbranch dialogue but *sub silentio* also provide a backdoor for citizen suits to enforce the ICA at any time and without notice to the Congress of the alleged violation."

      6)      Slip Op., p. 27, lines 27-28: Delete: "But that does not mean that any aggrieved party may initiate litigation." and

Insert in lieu thereof: "But that does not mean that any aggrieved party may initiate litigation to enforce the ICA itself."

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5097**                                               **September Term, 2024**

7)       Slip Op., p. 29, lines 10-14: Delete: "To find that section 681(3) supports reading in a private cause of action, one would have to selectively ascribe meaning to the deletion of the House's limiting language from the final bill but not to the omission of the Senate's explanatory language from the Conference Report." and

Insert in lieu thereof: "To find that section 681(3) supports reading in a private cause of action to enforce the ICA, one would have to selectively ascribe meaning to the deletion of the House's limiting language from the final bill but not to the omission of the Senate's explanatory language from the Conference Report."

8)       Slip Op., p. 29, lines 15-16: Delete: "Accordingly, the grantees have no cause of action to undergird their APA contrary-to-law claim." and

Insert in lieu thereof: "Accordingly, the grantees have no cause of action to undergird their claim that the defendants have acted contrary to law by violating the ICA."

9)       Slip Op., p. 29, n.17: Delete: "Because the statutory scheme bars the grantees from bringing suit under the APA, there is no need to reach the government's argument that the grantees fall outside the statute's zone of interests or whether it is forfeit for not having been raised in district court." and

Insert in lieu thereof: "The grantees' contrary-to-law claims were based on a variety of substantive provisions, including the 2024 Appropriations Act.  The district court appears to have limited its APA preclusion holding to the ICA, *AVAC II*, 770 F. Supp. 3d at 148 n.17, so we need not and do not decide whether the ICA precludes suits under the APA to enforce appropriations acts.  And because the ICA's statutory scheme bars the grantees from bringing suit under the APA to enforce the ICA, there is no need to reach the government's argument that the grantees fall outside the ICA's zone of interests or whether the argument is forfeit for not having been raised in district court."

10)      Slip Op., p. 31, n.18: Delete: "As explained above, we conclude that the ICA precludes review of any APA challenge by the grantees to the Executive's refusal to obligate funds at least while the ICA's statutory processes run their course.  To the extent that APA review may be available afterwards, that would provide an alternative procedure for review and thereby independently foreclose the grantees' ultra vires claim." and

Insert in lieu thereof: "As explained above, we conclude that the grantees lack a cause of action to enforce the ICA at least while the ICA's statutory processes run their course.  To the extent that APA review may be available afterwards or on the basis of another statutory provision, that would provide an alternative procedure for review and

Page 3

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5097**                                          September Term, 2024

thereby independently foreclose the grantees' ultra vires claim."

    It is **FURTHER ORDERED**, on the court's own motion, that the dissenting opinion issued August 13, 2025, be amended as follows:

    1)    Slip Op., p. 5, line 9: Delete: "524 U.S 417" and

Insert in lieu thereof: "524 U.S. 417"

    2)    Slip Op., p. 8, line 10: Delete: "(Jackson, J. concurring)" and

Insert in lieu thereof: "(Jackson, J., concurring)"

    3)    Slip Op., p. 22, lines 16-19: Delete: "They conclude that the grantees do not state a *constitutional* cause of action and merely allege a statutory violation of the Impoundment Control Act that only the Comptroller General can litigate in federal court." and

Insert in lieu thereof: "They conclude that the grantees do not state a *constitutional* cause of action and merely allege a statutory violation of the Impoundment Control Act."

    4)    Slip Op., p. 27, line 6: Delete: "*Id*. at 17-18" and

Insert in lieu thereof: "*Id*. at 16-17"

    5)    Slip Op., p. 28, n.4, lines 1-3: Delete: "My colleagues also address two "alternative cause[s] of action": a contrary-to-law claim under the APA, and an *ultra vires* claim, which is not raised in the government's opening brief." and

Insert in lieu thereof: "My colleagues also address two "alternative cause[s] of action": a contrary-to-law claim under the ICA and the APA, and an *ultra vires* claim, which is not raised in the government's opening brief."

    6)    Slip Op., p. 28, n.4, line 17: Insert: "In any event, the majority leaves open the grantees' APA claims based on the Appropriations Act.  *See* Maj. Op. 29 n.17.  The grantees therefore are free to pursue that claim on remand.  Moreover, the majority's discussion of the grantees' *ultra vires* claim addresses only the ICA.  Maj. Op. 31."

    7)    Slip Op. p. 29, n.5, line 3: Delete: "Maj. Op. 19-20" and

Insert in lieu thereof: "Maj. Op. 18-19"

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5097**                                                                 **September Term, 2024**

      8)     Slip Op., p. 29, n. 5, line 23: Delete: "561 U.S. at 487 n.2" and

Insert in lieu thereof: "561 U.S. at 487 n.2."

      9)     Slip Op., p. 36, lines 4-5: Delete: "*Id*. at 17-18." and

Insert in lieu thereof: "*Id*. at 18."

      10)    Slip Op., p. 37, lines 10-14: Delete: "I also disagree with the majority's suggestion that the grantees assert a mere violation of the Impoundment Control Act that should be addressed by the Comptroller General. *See* Maj. Op. 5 ("Instead, the Comptroller General may bring suit as authorized by the [Impoundment Control Act])." and

Insert in lieu thereof: "I also disagree with the majority's suggestion that the grantees assert a mere violation of the Impoundment Control Act.  See Maj. Op. 5."

      11)    Slip Op., p. 46 lines 10-14: Delete: "Today, a President defies laws enacted by Congress without any legal basis, and the court holds that he has merely violated a statute, that the Constitution is not even implicated, and that there is no judicially enforceable cause of action to challenge his conduct." and

Insert in lieu thereof: "Today, a President defies laws enacted by Congress without any legal basis, and the court holds that he has merely violated a statute, that the Constitution is not even implicated, and that there is no cause of action to challenge the constitutionality of his conduct."

     The Clerk is directed to issue the amended opinion and to amend the judgment issued August 13, 2025. The Clerk is further directed to issue the mandate forthwith.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Clifton B. Cislak, Clerk

                        BY:    /s/
                                        Daniel J. Reidy
                                        Deputy Clerk