# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5097**                                         **September Term, 2024**

1:25-cv-00400-AHA
1:25-cv-00402-AHA

**Filed On:** August 28, 2025

Global Health Council, et al.,

      Appellees

   v.

Donald J. Trump, in his official capacity as President
of the United States of America, et al.,

      Appellants

------------------------------

Consolidated with 25-5098

**BEFORE:**    Srinivasan, Chief Judge, and Henderson**, Millett****, Pillard, Wilkins, Katsas**, Rao**, Walker**, Childs*, Pan***, and Garcia****, Circuit Judges

## O R D E R

Appellees' petition for rehearing en banc and supplement were circulated to the full court, and a response and a vote were requested. Thereafter, a majority of the judges eligible to participate did not vote in favor of the petition. Upon consideration of the foregoing, the motion for leave to file a brief as amicus curiae, the motions for invitation to file briefs as amici curiae, and the filed and lodged briefs, it is

**ORDERED** that the petition for rehearing en banc be denied. It is

**FURTHER ORDERED** that the motion for leave to file a brief as amicus curiae and the motions for invitation to file briefs as amici curiae be granted. The Clerk is directed to file the lodged briefs.

### Per Curiam

                                                  **FOR THE COURT:**
                                                  Clifton B. Cislak, Clerk

                 BY:        /s/
                                   Daniel J. Reidy
                                   Deputy Clerk

---

\* Circuit Judge Childs did not participate in this matter.

\*\* A statement by Circuit Judge Katsas, joined by Circuit Judges Henderson, Rao, and Walker, concurring in the denial of rehearing en banc, is attached.

\*\*\* A statement by Circuit Judge Pan, dissenting from the denial of rehearing en banc, is attached.

\*\*\*\* A statement by Circuit Judge Garcia, joined by Circuit Judge Millett, respecting the denial of rehearing en banc, is attached.

KATSAS, *Circuit Judge*, concurring in the denial of rehearing *en banc*: For all of its rhetoric about the panel opinion making a constitutional claim "disappear," *post* at 1, the dissental correctly characterizes the grantees' claim as one alleging that "the President violated the separation of powers by refusing to spend mandatory congressional appropriations for foreign aid," *id.* at 4. That claim turns on whether the relevant appropriations *were* mandatory, which makes it statutory for reviewability purposes under *Dalton v. Specter*, 511 U.S. 462 (1994).

The dissental also stresses that the government, in defending against this claim below, unsuccessfully asserted a freestanding Article II power to disregard even mandatory appropriations in the area of foreign assistance. Had the government challenged the district court's rejection of that Article II defense in this Court, we could freely have considered it under *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952). But the government did not make that argument on appeal, so the panel had no occasion to address either the reviewability or the merits of that Article II argument.

PAN, *Circuit Judge*, dissenting from the denial of rehearing en banc:

The grantees in this case brought a textbook separation-of-powers claim: They argued that when the President refused to spend foreign-aid funds that Congress had appropriated, he infringed on Congress's power of the purse. The government responded by arguing that the President's actions were permissible because he has "vast and generally unreviewable" "powers in the realm of foreign affairs" under "Article II of the Constitution." Defs.' Opp'n to Pls.' Mots. for Prelim. Relief 10, 24–26. The district court considered the constitutional claim before it, determined that the grantees were likely to succeed on the merits, and entered a preliminary injunction requiring the government to obligate the funds that the Executive likely had wrongfully withheld.

But on appeal, a panel of this court rewrote the grantees' constitutional claim and made it disappear. In an unprecedented ruling, the panel interpreted *Dalton v. Specter*, 511 U.S. 462 (1994), to foreclose private parties from bringing a constitutional cause of action when their constitutional argument overlaps with a claim that the President violated or exceeded his statutory authority. Under the panel's interpretation, as long as the government identifies some statutory authorization for the Executive's actions, doing so makes any challenge to those actions "statutory" and precludes constitutional review. With that newly minted theory in hand, the panel recast the grantees' separation-of-powers claim as an allegation that the President merely violated the Appropriations Act and the Impoundment Control Act when he withheld appropriated funds. The panel then deemed the whole affair a "fundamentally statutory dispute" that must be dismissed under *Dalton*. Maj. Op. 5.

No other court has ever given *Dalton* so broad a sweep, and the panel's interpretation conflicts with the Ninth Circuit's

2

opinion in *Murphy Co. v. Biden*, 65 F.4th 1122 (9th Cir. 2023). Moreover, the panel opinion is based on a misreading of *Dalton* and cannot be reconciled with binding precedents which hold, in no uncertain terms, that the Executive has no authority to refuse to execute a duly enacted law — such as the Appropriations Act — for policy reasons. *See In re Aiken Cnty.*, 725 F.3d 255, 261 n.1 (D.C. Cir. 2013); *Kendall v. United States*, 37 U.S. (12 Pet.) 524, 613 (1838).

In sum, the panel's *Dalton* holding is incorrect. Its reasoning is flawed and inconsistent with binding precedents. It creates a circuit split and lets the Executive evade constitutional review by simply invoking statutory authority. In my view, these are exceptionally important issues that warrant en banc reconsideration. I therefore respectfully dissent from the court's denial of the petition for rehearing en banc.

**I.**

The *Dalton* Court would have been astonished at the panel's application of that case to preclude the grantees' separation-of-powers claim. *Dalton* addressed whether "whenever the President acts in excess of his statutory authority, he also violates the constitutional separation-of-powers doctrine." 511 U.S. at 471. Its analysis of the differences between statutory and constitutional claims is inapplicable to cases where the President invokes his inherent constitutional authority and does not rely on statutory authorization at all. Indeed, *Dalton* specifically distinguished *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952), the classic example of the Executive exercising purely constitutional authority to contravene the will of Congress. *See Dalton*, 511 U.S. at 473. Here, the grantees' separation-of-powers claim is just like the one brought in *Youngstown*: They

3

claim that the President relied on his Article II foreign-affairs powers to refuse to spend an entire category of appropriated funds — all "United States foreign assistance" — due to a policy disagreement. *Dalton* only becomes relevant here because the panel allowed the government to reframe the grantees' argument as a claim that the Executive violated the Appropriations Act and the Impoundment Control Act. In setting that precedent, the panel makes it all too easy for the Executive to evade constitutional scrutiny. In future cases, the Executive can again recast plaintiffs' constitutional claims as statutory, or simply claim to be relying on statutory authority in addition to constitutional power, to fall under *Dalton*'s preclusive rule.

In any event, the panel opinion's reading of *Dalton* is erroneous: That case did not hold that when a party brings a valid constitutional claim, that claim is foreclosed if it can also be characterized as statutory. The *Dalton* Court merely observed that not "every action by the President, or by another executive official, in excess of his statutory authority is *ipso facto* in violation of the Constitution." 511 U.S. at 472. Stating that not all *ultra vires* statutory claims raise constitutional concerns does not mean that such claims can never be constitutional. In fact, *Dalton* expressly recognized an "exception" that allows private parties to bring constitutional cases requiring review of the President's actions, noting that the Court just did not want the exception to be unduly "broadened." *Id.* at 473–74 (citing *Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992)).

Some claims — like the separation-of-powers argument brought by the grantees — plainly are constitutional, even though their facts also might support statutory causes of action. *Dalton* does not preclude such claims. Although *Dalton* does prohibit parties from transforming fundamentally statutory

4

disputes into constitutional causes of action, the panel in this case did the opposite: It transformed a fundamentally constitutional dispute into a statutory one. The grantees claimed that the President violated the separation of powers by refusing to spend mandatory congressional appropriations for foreign aid because that would not align with his policy preferences. That is unquestionably a bona fide constitutional claim under *Aiken* and *Kendall*, which held that the Executive has no authority to refuse to execute a duly enacted law for policy reasons — and those cases emphasized that such recalcitrance by the President is a problem of constitutional dimensions. *See Aiken*, 725 F.3d at 261 n.1; *Kendall*, 37 U.S. (12 Pet.) at 613. Because the grantees' claim is constitutional and therefore not foreclosed by *Dalton*, we should rehear the panel's ruling to the contrary.

**II.**

The panel's *Dalton* interpretation is an erroneous constitutional ruling that creates a circuit split on an issue that is likely to recur. It will unduly restrict private parties from vindicating their constitutional rights. Although the full court's decision not to rehear that issue is a mistake, there are some silver linings.

First, the full court's decision is based, in large part, on the panel's revision of its original opinion to provide a pathway for the grantees in this case to pursue relief under the Administrative Procedure Act (APA). An immediate remand for the grantees to litigate claims that the Executive violated the Appropriations Act under the APA or acted *ultra vires* vis-à-vis the Appropriations Act, *see* Dissent at 28 n.4, may be the most efficient way for the grantees to seek access to the $15 billion of appropriated funds that are set to expire on September 30. Our denial of en banc review moots the government's

5

pending motion that asks the Supreme Court to stay the district court's preliminary injunction pending this court's completion of the en banc review process. If we had granted the petition for rehearing en banc and if the Supreme Court had granted a stay of the preliminary injunction, there might have been a significant gap in time with no operative order requiring the government to obligate the funds in question. But now, with an immediate remand, the grantees may well secure relief more quickly by pursuing a new preliminary injunction based on their APA or *ultra vires* claims before the district court.

Second, because the *Dalton* issue will likely recur, our en banc court may have another opportunity to correct the panel opinion's erroneous reasoning. *See, e.g.*, *Nat'l Treasury Emps. Union v. Vought*, No. 25-5091, 2025 WL 2371608, at *19–20 (D.C. Cir. Aug. 15, 2025) (citing *Dalton*). Should the *Dalton* issue come before us again, we should take the first opportunity to revisit and correct the mistake that the court has made.

Statement of *Circuit Judge* GARCIA respecting the denial of rehearing en banc: This case involves the Executive Branch's effort to unilaterally decline to spend billions of dollars Congress appropriated for foreign aid funding. The panel held that the plaintiffs may not bring a constitutional challenge to that effort. Whether that holding is correct is not only an important question but also a complex one, as the panel's thoughtful opinions indicate. A similar question in a future case may warrant the Court's en banc review.

The panel also originally held that the plaintiffs were precluded from bringing their challenge under the Administrative Procedure Act as a statutory claim that the Executive Branch is violating the Further Consolidated Appropriations Act of 2024. That holding left the plaintiffs with no meaningful avenue to test the legality of the Executive Branch's unilateral actions. Now, however, the panel has revised its opinion in a way that allows that claim to proceed. That claim (and any other remaining claims) may be litigated expeditiously in the district court. Granting en banc review of the distinct question whether the plaintiffs' constitutional claim is viable would serve primarily to delay resolution of the plaintiffs' statutory claim.